**UNITED STATES**

v.

**Thomas E. WATKINS, 212 36 8267, Boatswain Mate Chief (E–7), U. S. Navy.**

**NCM 76 1405.**

U. S. Navy Court of Military Review.

Sentence Adjudged 6 Nov. 1975.

Decided 12 Nov. 1976.

LT J. R. Cliffe, JAGC, USNR, Appellate Defense Counsel.

CAPT W. D. Blalock, USMCR, Appellate Government Counsel.

Before NEWTON, CRANDELL and GLADIS, JJ.

NEWTON, Senior Judge:

The appellant pleaded not guilty of the charged offense of rape. He was convicted by members at a general court-martial of the denominated lesser offense of adultery, in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934. His sentence as it comes to this Court consists of forfeiture of $50.00 pay per month for 20 months.

This case was forwarded by the Judge Advocate General of the Navy to this Court for review, pursuant to the provisions of Article 69, UCMJ, with attention invited to the following issue:

"Is adultery a lesser included offense of rape when the specification alleging the offense fails to set forth the marital status of the accused or the victim?"

Appellate government counsel in their brief join with appellate defense counsel in concluding that the certified issue should be answered in the negative.

For the reasons stated in those briefs, and based on the authorities cited, we agree with appellate counsel. The certified issue is answered in the negative. *See also,* 2 Am.Jur.2d, Adultery and Fornication §§ 1 and 3; 65 Am.Jur.2d Rape § 1. Simply stated, the short form allegation of rape in the specification under consideration does not allege an essential element of the offense of adultery—that either or both parties to the offense were married, but not to each other. The specification fails to apprise the accused that he must be prepared to defend against an adultery charge.

Accordingly, the findings of guilty and the sentence are set aside and the offense is dismissed.

Judge CRANDELL and Judge GLADIS concur.